FILED
**United States Court of Appeals**
**Tenth Circuit**

**October 16, 2013**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

OSCAR ORTIZ-QUEZADA,

Defendant-Appellant.

No. 13-2113
(D.C. No. 2:13-CR-00678-MCA-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, Chief Judge, **HOLMES** and **MATHESON**, Circuit Judges.

Oscar Ortiz-Quezada pleaded guilty to violating 8 U.S.C. § 1325 by illegally

reentering this country after he was removed. Mr. Ortiz-Quezada's plea agreement

contained a waiver of his appellate rights. He was sentenced to 27 months'

imprisonment, which was at the low end of the advisory guideline sentencing range.

Mr. Ortiz-Quezada then filed a notice of appeal. The government has moved to

---

[*]      This panel has determined that oral argument would not materially assist the
determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The
case is therefore ordered submitted without oral argument. This order and judgment
is not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

enforce the appeal waiver in Mr. Ortiz-Quezada's plea agreement pursuant to *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

Mr. Ortiz-Quezada's attorney filed a response to the government's motion, stating that there were no non-frivolous grounds to oppose the motion. He therefore asked to withdraw from representing Mr. Ortiz-Quezada. *See Anders v. California*, 386 U.S. 738, 744 (1967) (authorizing counsel to request permission to withdraw where counsel conscientiously examines a case and determines that an appeal would be wholly frivolous). This court then gave Mr. Ortiz-Quezada an opportunity to file a pro se response to the government's motion; no response was filed within the specified time period.

When counsel seeks to withdraw under *Anders*, we must examine the proceedings ourselves to determine whether the case is frivolous. *See id.* In the context of a motion to enforce, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn,* 359 F.3d at 1325.

Mr. Ortiz-Quezada seeks to challenge his sentence, which falls within the scope of his appellate waiver. *See* Mot. to Enf., Att. 1 at 5 ("[D]efendant knowingly waives the right to appeal this conviction and any sentence . . . ."). In his plea agreement, he "knowingly" waived his right to appeal, *id.*, he stated that he understood the terms of his agreement, and he "voluntarily" agreed to those terms, *id.*

at 7.  Further, during his plea hearing, the court informed him of the rights he was giving up in his plea agreement, including the right to appeal from his sentence, and he verbally acknowledged that he understood the terms of his plea agreement.  *See id.*, Att. 2 at 15-17.  Finally, there are no circumstances to support a finding that enforcing the waiver would result in a miscarriage of justice.

We conclude that Mr. Ortiz-Quezada's appeal is within the scope of the waiver, his waiver was knowing and voluntary, and enforcing the waiver would not result in a miscarriage of justice.  Because there are no non-frivolous grounds to contest the government's motion, we grant both counsel's motion to withdraw and the government's motion to enforce the appeal waiver.

Entered for the Court
Per Curiam